437 F.3d 238
 Ahmad SALOUM, Petitioner,
v.
UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, by its District Director of New York, and Alberto R. Gonzales, Attorney General of the United States,* Respondents.
 Docket No. 04-2872-AG.
 United States Court of Appeals, Second Circuit.
 Argued: January 31, 2006.
 Decided: February 6, 2006.
 
 Nicholas J. Mundy, Kuba, Mundy & Associates, New York, NY, for Petitioner.
 Michael L. Shiparski, Assistant United States Attorney (Margaret M. Chiara, United States Attorney for the Western District of Michigan, on the brief), United States Attorney's Office for the Western District of Michigan, Grand Rapids, MI, for Respondents.
 Before: CABRANES and B.D. PARKER, Circuit Judges, and PRESKA, District Judge.**
 PER CURIAM.
 
 
 1
 We consider here whether this Court has jurisdiction to review an order of the Board of Immigration Appeals ("BIA") affirming a decision of an immigration judge ("IJ") denying a petitioner's request for a waiver of inadmissibility under section 212(d)(11) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(d)(11). We hold that such denials are discretionary judgments committed by law to the BIA (acting on behalf of the Attorney General) and that we are precluded from reviewing such discretionary judgments by 8 U.S.C. § 1252(a)(2)(B)(ii). We further hold that, in the circumstances presented here, section 106(a)(1)(A)(iii) of the REAL ID Act of 2005, Pub.L. 109-13, 119 Stat 231, 310 (codified at 8 U.S.C. § 1252(a)(2)(D)), does not override the jurisdiction-denying provision of 8 U.S.C. § 1252(a)(2)(B)(ii) because petitioner challenges a purely discretionary determination and does not raise any colorable "constitutional claims or questions of law" within the meaning of 8 U.S.C. § 1252(a)(2)(D). Accordingly, we dismiss the petition for review for lack of jurisdiction.
 
 BACKGROUND
 
 2
 Ahmad Saloum, a native and citizen of Syria, petitions for review of the April 21, 2004 order of the BIA affirming the November 25, 2002 decision of an IJ denying petitioner's application for a waiver of inadmissibility under INA section 212(d)(11).
 
 
 3
 Saloum was admitted into the United States on September 19, 1993 as a lawful permanent resident on a conditional basis through his marriage to a United States citizen. On October 12, 1998, following a nine-day trip to Syria, Saloum was apprehended at a port of entry in Niagra Falls, New York attempting to smuggle his infant daughter, Lana, into the United States. When inspected by United States immigration officers at the border, Saloum pretended that Lana—his daughter by virtue of his relationship with Wasila Zarkaly, a Syrian national to whom Saloum was not married—was in fact a boy named José Gonzalez, the son of Saloum's friend, Johnnie Gonzalez. As part of this ruse, Saloum presented a passport in the name of José Gonzalez, as well as a fraudulent letter signed by the boy's father purportedly authorizing his son's travel with Saloum. In return for the use of these documents, Saloum had paid Johnnie Gonzalez with a gold ring.
 
 
 4
 After Saloum was refused admission into the country, he left his daughter with a Lebanese family in Windsor, Canada and subsequently entered the United States. By service of a Notice to Appear dated March 29, 2000, Saloum was charged with being "subject to removal" on the grounds that he was an inadmissible alien under 8 U.S.C. § 1182(a)(6)(E)(i) at the time he entered the United States because he had "knowingly ... assisted, abetted, or aided... [an]other alien to enter or to try to enter the United States in violation of law." At a preliminary hearing before the IJ, Saloum admitted, through counsel, the truth of the factual allegations in the Notice to Appear, conceded his removability, and, as relief from removal, requested a discretionary waiver of inadmissibility under INA section 212(d)(11). That statute provides in relevant part that
 
 
 5
 [t]he Attorney General may, in his discretion for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest, waive application of [8 U.S.C. § 1182(a)(6)(E)(i)]... if the alien has encouraged, induced, assisted, abetted, or aided only an individual who at the time of such action was the alien's spouse, parent, son, or daughter (and no other individual) to enter the United States in violation of law.
 
 
 6
 8 U.S.C. § 1182(d)(11) (emphases added).
 
 
 7
 In a written decision issued November 25, 2002, the IJ denied Saloum's application for a section 212(d)(11) waiver, concluding that "[u]pon consideration of the record as a whole, and in balancing the equities and adverse matters presented, the Court finds that the favorable exercise of discretion is not warranted." First, the IJ noted "the existence of serious adverse factors involving a continuing pattern of deception" by Saloum, including his initial entry into the United States "without inspection after having been denied multiple requests for nonimmigrant visas," as well as the apparently non-"bonafide nature of [Saloum's] marriage" to a United States citizen, as shown by "the lack of evidence regarding his marital union, the cessation of contact with his wife [in early 1996] following the perfection of his status [on August 11, 1995], and most importantly, his admitted ongoing simultaneous relationship with a Syrian national [Wasila Zarkaly] who held no status in the United States and with whom he has [two] children." Second, the IJ emphasized that Saloum had "demonstrated his complete and callous disregard for the [i]mmigration laws of this country," having "set in motion a series of events which culminated in the unlawful entry of the mother of his children,"[1] and having also "knowingly and deliberately planned his daughter's unlawful entry into the United States."[2] In addition, the IJ noted that Saloum had unlawfully "purchase[d] and use[d] ... fraudulent immigration stamps," offering an "unbelievable and unsupported explanation" as to why those stamps were later found to be "absen[t] from his passport."[3] Finally, the IJ catalogued Saloum's lack of any meaningful ties to the United States, noting that Saloum had "no immediate relatives in the United States except for his estranged wife[,] ... no business ties or property[,] ... [and] no evidence of significant community involvement," and had failed to report fully the income he had earned while working in the United States.
 
 
 8
 Based on this analysis, the IJ concluded that Saloum's "equities as proffered and described [are] insufficient to overcome the negative factors of record and ... therefore, ... [Saloum] does not merit the favorable exercise of discretion." On appeal, the BIA summarily affirmed the IJ's decision. Saloum now seeks review before this Court of the denial by the IJ and BIA of his application for a section 212(d)(11) waiver of inadmissibility, contending that "[t]he decision of the BIA was an abuse of discretion and denied [Saloum] due process of law" because the IJ and BIA failed to "adjudicate [Saloum's] case in accordance with the statutory language and legislative intent of INA Section 212(d)(11)." Pet'r's Br. at 11.
 
 DISCUSSION
 
 9
 Where, as here, the BIA has affirmed an IJ's decision without an opinion, we review the IJ's decision directly as the final agency determination. See, e.g., Xiao Ji Chen v. U.S. Dep't of Justice, 434 F.3d 144, 146 (2d Cir.2006). The threshold issue in this case—and one of first impression in this Circuit—is whether we have jurisdiction to review the IJ's discretionary denial of a waiver of inadmissibility under INA section 212(d)(11). That determination in turn requires an analysis of two interrelated statutory provisions: (1) the jurisdiction-denying provision located at 8 U.S.C. § 1252(a)(2)(B)(ii), and (2) the jurisdiction-restoring provision recently added at 8 U.S.C. § 1252(a)(2)(D) pursuant to section 106(a)(1)(A)(iii) of the REAL ID Act of 2005, Pub.L. 109-13, 119 Stat. 231, 310 ("Section 106").
 
 
 10
 The jurisdiction-denying provision of 8 U.S.C. § 1252(a)(2)(B)(ii) provides in relevant part that "[n]otwithstanding any other provision of law ... no court shall have jurisdiction to review ... (ii) any ... decision or action of the Attorney General ... the authority for which is specified under this subchapter [8 U.S.C. §§ 1151-1381] to be in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). By its express terms, the waiver of inadmissibility sought by Saloum under 8 U.S.C. § 1182(d)(11) entailed a request for discretionary relief, inasmuch as that statutory provision, which is within the "subchapter" that contains the INA, specifies that "[t]he Attorney General may, in his discretion for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest, waive application of [the inadmissibility bar established for alien smugglers by 8 U.S.C. § 1182(a)(6)(E)(i)]" under certain enumerated circumstances. See 8 U.S.C. § 1182(d)(11) (emphasis added). Accordingly, judicial review of an IJ's decision to grant discretionary relief under INA section 212(d)(11) is barred by the plain language of 8 U.S.C. § 1252(a)(2)(B)(ii).
 
 
 11
 Congress, however, has recently altered the statutory landscape by providing a limited exception to the jurisdictional bar established by 8 U.S.C. § 1252(a)(2)(B)(ii). Section 106 of the REAL ID Act specifies that
 
 
 12
 [n]othing in [8 U.S.C. § 1252(a)(2)(B)] or (C), or in any other provision of [the INA] (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.
 
 
 13
 8 U.S.C. § 1252(a)(2)(D) (emphasis added). In Xiao Ji Chen v. U.S. Dep't of Justice, 434 F.3d 144 (2d Cir.2006), we construed this jurisdictional grant narrowly, concluding that "[b]ecause the REAL ID Act only provides us with jurisdiction to review constitutional claims or matters of statutory construction, we remain deprived of jurisdiction to review discretionary and factual determinations" by an IJ. Id. at 154; see also Grass v. Gonzales, 418 F.3d 876, 879 (8th Cir.2005) ("[Section 106] grants no jurisdiction to review an IJ's purely discretionary decision to deny a continuance of a removal hearing, unless that ruling resulted in such procedural unfairness as to implicate due process."); Vasile v. Gonzales, 417 F.3d 766, 768 (7th Cir.2005) ("Notwithstanding [Section 106] of the [REAL ID] Act, ... discretionary or factual determinations continue to fall outside the jurisdiction of the court of appeals entertaining a petition for review."); Gattem v. Gonzales, 412 F.3d 758, 767 & n. 8 (7th Cir.2005) (holding that, under Section 106, the courts of appeals have jurisdiction to consider "question[s] of law" raised in petitions for review, but not discretionary decisions of the Attorney General).
 
 
 14
 Applying these principles to the facts of this case, we conclude that we lack jurisdiction to review Saloum's challenge to the IJ's discretionary denial of a waiver of inadmissibility under INA section 212(d)(11) because Saloum fails to raise any colorable "constitutional claims or questions of law" within the meaning of Section 106 of the REAL ID Act, as codified at 8 U.S.C. § 1252(a)(2)(D). In Xiao Ji Chen, we emphasized that the term "questions of law" in Section 106 "cannot be construed in the broadest possible light," but instead "refers to a narrow category of issues regarding statutory construction." Xiao Ji Chen, 434 F.3d 144, 154 (internal quotation marks omitted). Accordingly, we held there that the mere assertion by the petitioner that the IJ had "fail[ed] to apply the law," and thereby "committed legal error or otherwise abused his discretion," did not itself establish a "question[ ] of law" over which we had jurisdiction under the REAL ID Act. See id. at 154. Likewise, the assertion here by Saloum that the IJ's decision constituted an "abuse of discretion" because the IJ failed to "adjudicate [Saloum's] case in accordance with the statutory language and legislative intent of INA Section 212(d)(11)," Pet'r's Br. at 11, does not suffice to overcome the clear jurisdictional bar established by 8 U.S.C. § 1252(a)(2)(B)(ii). As Xiao Ji Chen makes clear, absent a specific issue of statutory construction, the term "questions of law" in 8 U.S.C. § 1252(a)(2)(D) does not provide our Court with jurisdiction to review a petitioner's challenge to a decision firmly committed by statute to the discretion of the Attorney General. See Xiao Ji Chen, 434 F.3d 144, 154. Because Saloum's argument that the IJ erred in analyzing his application for a section 212(d)(11) waiver is, at bottom, a challenge to the IJ's exercise of his discretion, we lack jurisdiction to consider Saloum's claim, notwithstanding the language of the REAL ID Act. See De La Vega v. Gonzales, 436 F.3d 141, 2006 WL 201497, at *4-*5 (2d Cir. Jan.27, 2006) (stating that "Section 106 of the REAL ID Act does not override statutory provisions denying the courts jurisdiction to review discretionary decisions of the Attorney General" because "challenges to the exercise of routine discretion ... do not raise `constitutional claims or questions of law'").
 
 
 15
 Nor do we believe that Saloum's talismanic invocation of the language of "due process" itself suffices to provide this Court with jurisdiction to review petitioner's claims. Although we certainly retain jurisdiction to review due process challenges under the "constitutional claims" language of the REAL ID Act, "a petitioner must allege at least a colorable constitutional violation." See Mehilli v. Gonzales, 433 F.3d 86, 93 (1st Cir.2005) (quoting Torres-Aguilar v. INS, 246 F.3d 1267, 1271 (9th Cir.2001)); Martinez-Rosas v. Gonzales, 424 F.3d 926, 930 (9th Cir.2005). The rationale behind this rule—which is somewhat counterintuitive, inasmuch as it may, in some cases, risk conflating a reviewing court's jurisdictional analysis with its merits analysis—is one of substance over form:
 
 
 16
 A petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb. To hold otherwise would allow all [petitioners]... to circumvent clear congressional intent to eliminate judicial review over discretionary decisions through the facile device of re-characterizing an alleged abuse of discretion as a "due process" violation.
 
 
 17
 Torres-Aguilar, 246 F.3d at 1271; see also id. ("To determine whether we have jurisdiction over claims labeled as due process violations, we must look beyond the label."); cf. United States v. Garcia, 166 F.3d 519, 522 (2d Cir.1999) (rejecting defendant's effort to "dress up" a "poorly disguised attack on the merits of [a] sentence" by "couching [the] appeal in constitutional terms"). In this case, Saloum "does not contend that he was prevented from presenting his case before the [IJ] or the BIA, [or that he was] denied a full and fair hearing before an impartial adjudicator[,] or otherwise denied a basic due process right." Torres-Aguilar, 246 F.3d at 1271. Rather, Saloum contends that the IJ erred in finding that he did not warrant a discretionary waiver of inadmissibility under section 212(d)(11), arguing in effect "(1) that ... the IJ incorrectly weighed the evidence, failed to explicitly consider certain evidence, [and] simply reached the wrong outcome, and (2) that [the IJ's] purported error constituted a due process violation." See Mehilli, 433 F.3d at 94. Such assertions are "nothing more than an argument that the IJ abused his discretion, a matter over which we have no jurisdiction."[4] See Martinez-Rosas, 424 F.3d at 930; see also id. ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").
 
 CONCLUSION
 In sum, we hold that
 
 18
 (1) we lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(ii) to review the IJ's discretionary denial of petitioner's request for a waiver of inadmissibility under INA section 212(d)(11); and
 
 
 19
 (2) in the circumstances presented here, Section 106 of the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(2)(D), does not override the jurisdiction-denying provision of 8 U.S.C. § 1252(a)(2)(B)(ii) because petitioner challenges a purely discretionary determination of the IJ and does not raise any colorable "constitutional claims or questions of law" within the meaning of 8 U.S.C. § 1252(a)(2)(D).
 
 
 20
 * * * * * *
 
 
 21
 Accordingly, for the reasons stated above, we DISMISS the petition for review.
 
 
 
 Notes:
 
 
 *
 Attorney General Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as respondentSee Fed. R.App. P. 43(c)(2).
 
 
 **
 The Honorable Loretta A. Preska, United States District Judge for the Southern District of New York, sitting by designation
 
 
 [1]
 At his hearing before the IJ, Saloum "admit[ted] that he knew Wasila [Zarkaly] did not have a visa to come to the United States." However, one week after Saloum's return to the United States from Syria on August 25, 1998, "Wasila arrived in the United States through Canada in an undisclosed manner," apparently having "used documents belonging to another."
 
 
 [2]
 The IJ noted that when Saloum's effort to pass off his daughter Lana as José Gonzalez "ended in disaster .... he knowingly allowed a third smuggling attempt to take place and deliberately did nothing to discourage it." Specifically, Saloum left his daughter with a Lebanese family in Windsor, Canada, "admit[ting] that he knew they would attempt to bring Lana to the United States" because they had said as much "in their telephonic communications with Wasila." Two days after Saloum was paroled into the United States, "he was notified by the Lebanese family that they had smuggled Lana into the United States through Detroit, Michigan."
 
 
 [3]
 According to the IJ, Saloum testified that in October 1999, one year after he had been caught attempting to smuggle his daughter into the United States, "he was issued a new Syrian passport" and applied for "advanced parole authorization" into the United States. Having failed to receive a decision on his advanced parole application, Saloum "paid two hundred dollars and two pairs of shoes" to "an unnamed individual he met at his place of employment" who agreed to place fraudulent stamps in Saloum's passport "that would allow him to leave and re-enter the United States." Once in Syria, Saloum "went to the Canadian Embassy for a visa," but "[a]fter officials there advised him that the stamps in his passport appeared fraudulent, he was referred to the United States Embassy for authorization to return." Despite the U.S. Embassy's apparent refusal to grant this authorization, Saloum "managed to return to the United States through Canada" in January 2000, but "[w]hen he arrived in Canada, the bogus stamps were no longer in his passport." Saloum claimed before the IJ that "the two pages in his passport" containing the stamps had been "excised by Syrian airport officials prior to his departure from Syria"—although there were "no notations in the passport regarding this alleged excision"—because Saloum's "daughter had scribbled in the passport[,] defacing the stamps and as a result invalidating them."
 On October 30, 2000—only four days after Saloum, through counsel, had conceded his removability in response to the allegations contained in the March 29, 2000 Notice to Appear—Saloum "was issued a permit to re-enter the United States." Saloum then departed again for Syria on January 31, 2001, returning to the United States on February 10, 2001, this time through Mexico, rather than Canada.
 
 
 [4]
 Although we lack jurisdiction to consider the merits of Saloum's claims, we briefly note that one of the arguments presented on appeal—namely, that "[t]he IJ's decision fails to balanceany positive equities at all" in Saloum's favor, Pet'r's Br. at 11 (emphasis added)—is incorrect as a factual matter, inasmuch as the IJ's decision specifically states that "the Court finds [Saloum's] equities as proffered and described to be insufficient to overcome the negative factors of record," J.A. at 38 (emphasis added). See Morales v. INS, 208 F.3d 323, 328 (1st Cir.2000) ("Where, as here, the [BIA] has given reasoned consideration to the petition, and made adequate findings, we will not require that it address specifically each claim the petitioner made or each piece of evidence the petitioner presented.") (internal quotation marks omitted); see also Xiao Ji Chen, 434 F.3d 144, 160 n. 13 ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").