Gustavo SALDANA–CAMARGO,
Petitioner,

v.

Alberto R. GONZALES, Attorney General of the United States, Michael Chertoff, Secretary of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement,*
Respondents.

No. 03–40065–ag.

United States Court of Appeals,
Second Circuit.

Feb. 9, 2006.

---

* United States Attorney General Alberto R. Gonzales and Secretary Michael Chertoff are substituted as Respondents. *See* Fed. R.App. P. 43(c)(2).

Roberto Tschudin Lucheme, Glastonbury, CT, for Petitioner.

Paul D. Kovac, Assistant United States Attorney (Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, on the brief), United States Attorney's Office for the Western District of Pennsylvania, Pittsburgh, PA, for Respondent.

PRESENT: RICHARD J. CARDAMONE, JOSÉ A. CABRANES and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Gustavo Saldana–Camargo, a native and citizen of Mexico, petitions this Court for review of a May 20, 2003 order of the Board of Immigration Appeals ("BIA") sustaining in part and dismissing in part a January 15, 2003 decision of an immigration judge ("IJ") finding petitioner removable and denying him the discretionary relief of cancellation of removal.

On two separate occasions—in December 1996 and January 1999—petitioner pleaded guilty to charges of inflicting corporal injury on a spouse or co-habitant in violation of Section 273.5 of the California Penal Code. As a result of those convictions, the Immigration and Naturalization Service ("INS") initiated removal proceedings against petitioner, alleging that he was an alien with two or more convictions for crimes involving moral turpitude. *See* 8 U.S.C. § 1227(a)(2)(A)(ii). After conducting a hearing, the IJ found that petitioner's prior convictions qualified as crimes involving moral turpitude and, on this basis, concluded that the INS had established by clear and convincing evidence that petitioner was removable.

The IJ denied petitioner's request for cancellation of removal on two independent grounds. First, the IJ found that, due to his 1996 conviction, petitioner failed to satisfy the required period of continuous residency in the United States, thus rendering him statutorily ineligible for cancellation of removal. Second, the IJ denied petitioner's request for cancellation of removal on the basis of the IJ's discretionary judgment that "adverse factors"—such as petitioner's continued record of domestic abuse, problems with alcohol and driving while intoxicated, and failure to accept responsibility for past misconduct—outweighed the "significant equities" in petitioner's case, including the hardship that petitioner's removal would impose on his relatives residing in the United States.

Petitioner filed a Notice of Appeal with the BIA alleging: (1) that the IJ "erred in finding that [petitioner] did not qualify for [cancellation of removal] on a finding of interruption in [petitioner's] continuous residency since admission," and (2) that the IJ had erroneously concluded "that [petitioner's] testimony regarding the 2 assault convictions ... showed a lack of rehabilitation that outweighed the equities in [his] favor." Notably, petitioner failed to assert—either in his Notice of Appeal or in

his other submissions to the BIA—that his convictions were not for crimes involving moral turpitude. The BIA overturned the IJ's determination that petitioner was ineligible for cancellation of removal because of his alleged failure to meet the continuous physical presence requirement but upheld the IJ's discretionary decision not to grant cancellation of removal. Regarding petitioner's eligibility for removal, the BIA stated that "[t]here does not appear to be any dispute that both convictions were for offenses that constituted crimes involving moral turpitude."

Seeking review before this Court, petitioner now raises two claims: first, that the IJ improperly designated him as removable based on the erroneous assumption that his convictions under California Penal Code § 273.5 stem from crimes involving moral turpitude, and second, that the BIA improperly adopted the IJ's reasoning denying petitioner cancellation of removal based on a flawed assessment that the adverse factors outweigh the equities in petitioner's case.

■ We need not reach the merits of these arguments because this Court lacks jurisdiction to review either of petitioner's claims. With regard to petitioner's first claim—that the IJ improperly designated him as removable based on its finding that he had been convicted of crimes involving moral turpitude—we lack jurisdiction because petitioner failed to exhaust available administrative remedies by specifically raising this issue on appeal to the BIA. See 8 U.S.C. § 1252(d)(1); Cervantes–Ascencio v. INS, 326 F.3d 83, 87 (2d Cir.2003).

■ Regarding petitioner's second claim—that the BIA improperly adopted the IJ's reasoning denying petitioner's request for cancellation of removal: we lack jurisdiction to review discretionary decisions of this kind. 8 U.S.C. § 1252(a)(2)(B)(i) ("[N]o court shall has jurisdiction to review ... any judgment regarding the granting of relief under [8 U.S.C. § 1229b].") See De La Vega v. Gonzales, 436 F.3d 141, 144 (2d Cir.2006) (holding, pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), that we lack jurisdiction to review the BIA's discretionary determinations concerning whether to grant cancellation of removal); cf. Sepulveda v. Gonzales, 407 F.3d 59, 64 (2d Cir.2005) (holding that we have jurisdiction to review nondiscretionary determinations of statutory eligibility for cancellation of removal).

Notwithstanding petitioner's attempt to characterize the IJ's weighing of adverse factors as a nondiscretionary or legal determination, see Pet'r's Supplemental Letter Br. of Sept. 19, 2005, at 2 n. 4, our review of the record confirms that the IJ correctly identified the legal framework within which it was required to reach its ultimate, discretionary judgment. As required by Matter of C–V–T–, 22 I & N Dec. 7, 11–12, 1998 WL 151434 (BIA 1998) and Matter of Marin, 16 I & N Dec. 581, 584–85, 1978 WL 36472 (BIA 1978), the IJ "balance[d] the positive and adverse matters to determine whether discretion should be favorably exercised" and "enunciated in his opinion" the basis for his decision, Matter of Marin, 16 I & N Dec. at 585. Because the gravamen of petitioner's challenge is that the IJ erred in weighing too heavily certain adverse factors, such as petitioner's lack of rehabilitation, in reaching its discretionary determination that cancellation of removal was not warranted, we conclude that we lack jurisdiction to review petitioner's claim.

Finally, petitioner draws our attention to Section 106 of the REAL ID Act of 2005, Pub.L. 109–13, 119 Stat. 231 ("REAL ID Act"), which recently amended Section 242 of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1252, to provide

that "[n]othing in ... any ... provision of this Act (other than this section)[,] which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." REAL ID Act § 106(a)(1)(A)(iii). The amendment applies to all appeals from removal orders "issued before, on, or after the date of the enactment [May 11, 2005]." *Id.* § 106(b); *see Marquez–Almanzar v. INS*, 418 F.3d 210, 215 (2d Cir.2005) (recognizing that the REAL ID Act applies to petitions for review of removal orders).

In *Xiao Ji Chen v. USDOJ*, 434 F.3d 144 (2d Cir.2006)—which concerned the jurisdictional bar imposed for untimely asylum applications, *see* 8 U.S.C. § 1158(a)(3)—we determined, upon review of our case law and the legislative history of Section 106 of the REAL ID Act, that challenges to the exercise of routine discretion by the Attorney General (or the BIA as his designee) do not raise "constitutional claims or questions of law," and may not therefore be reviewed by this Court, notwithstanding Section 106 of the REAL ID Act. *Id.* at 153–54.

In *De La Vega*, we applied *Xiao Ji Chen* in the context of cancellation of removal decisions, holding that Section 106 of the REAL ID Act does not override statutory provisions denying the courts jurisdiction to review discretionary determinations of the Attorney General. *De La Vega*, 436 F.3d at 146–47. Because petitioner does not raise any colorable "constitutional claims or questions of law" within the meaning of Section 106 of the REAL ID Act, we lack jurisdiction to review his petition.

\*    \*    \*    \*    \*    \*

Having considered all of petitioner's arguments and found each of them to be without merit, we **DISMISS** the petition for review.