**Said ZAIM–SASSI, Petitioner,**

v.

**IMMIGRATION and NATURALIZATION SERVICE, Respondent.**

No. 02–4786–ag.

United States Court of Appeals, Second Circuit.

Oct. 4, 2006.

Cyrus D. Mehta, New York, NY, for Petitioner.

Patricia L. Buchanan, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York; Sarah S. Normand, Assistant United States Attorney, on the brief), New York, NY, for Respondent.

Present: JOSEPH M. McLAUGHLIN and SONIA SOTOMAYOR,[1] Circuit Judges.

## SUMMARY ORDER

Said Zaim–Sassi, a native and citizen of Morocco, seeks review of an October 25, 2002 order of the BIA affirming the July 12, 2000 decision of Immigration Judge ("IJ") Patricia Sheppard denying his application for cancellation of removal under Section 240A of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1229b(b)(1), and granting his application for voluntary departure. In re Zaim–Sassi, No. A 29–778–818 (B.I.A. Oct. 25, 2002), aff'g No. A 29 778 818 (Immig. Ct. Hartford Oct. 20, 2000). The government moves to dismiss the petition for lack of jurisdiction. We assume the parties' familiarity with the facts and underlying arguments.

■ The IJ concluded that Zaim–Sassi had failed to sustain his burden of establishing that his removal would result in "exceptional and extremely unusual hardship" to his second wife and newborn daughter, pursuant to 8 U.S.C. § 1229b(b)(1)(D), and his burden of establishing "good moral character" during the ten years leading up to his application, pursuant to 8 U.S.C. § 1229b(b)(1)(B). We lack jurisdiction to review the IJ's hardship determination because of 8 U.S.C. § 1252(a)(2)(B)(i), which provides that "no court shall have jurisdiction to review ... any judgment regarding the granting of relief under ... section 1229b." See De La Vega v. Gonzales, 436 F.3d 141, 145–46 (2d Cir.2006) (holding that an IJ's determination that petitioner had failed to demonstrate that his removal would cause "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D) is a discretionary judgment that we are precluded from reviewing by 8 U.S.C. § 1252(a)(2)(B)(i)).

■ We may review Zaim–Sassi's due process challenge to the hardship determination notwithstanding this jurisdiction-stripping provision. See Saloum v. U.S. Citizenship & Immigration Serv., 437 F.3d 238, 243 (2d Cir.2006) (per curiam). Zaim–Sassi, however, has failed to show that he was "denied a full and fair opportunity to present [his] claims" or "deprived of ... fundamental fairness." Xiao Ji Chen v. Gonzales, 434 F.3d 144, 155 (2d Cir. 2006). He and his wife had the opportunity to testify concerning the effect his removal would have on his daughter, and the IJ considered their testimony in rendering her decision. Zaim–Sassi fails also to identify any evidence regarding his hardship claim that the IJ failed to consider. Thus, Zaim–Sassi's due process challenge to the hardship determination is unavailing.

We are not barred by 8 U.S.C. § 1252(a)(2)(B)(i) from reviewing nondiscretionary good moral character determinations under any of the per se categories described in 8 U.S.C. § 1101(f). See Sepulveda v. Gonzales, 407 F.3d 59, 62–63 (2d Cir.2005). We have not determined whether we have jurisdiction to review good moral character determinations made under the "catch-all" provision of 8 U.S.C. § 1101(f), which holds that "[t]he fact that any person is not within any of the forego-

1. Judge Robert A. Katzmann, originally a member of the panel, recused himself prior to oral argument. Because the remaining members of the panel are in agreement, we decide this case in accordance with § 0.14(b) of the rules of this Court.

ing classes shall not preclude a finding that for other reasons such person is or was not of good moral character." Although Zaim–Sassi contends that good moral character determinations under the catch-all provision are nondiscretionary, and thus that we have jurisdiction to review them, we do not decide this question because Zaim–Sassi brings only due process challenges, over which we have jurisdiction in any event. *See* 8 U.S.C. § 1252(a)(2)(D).

 Zaim–Sassi's due process challenges, however, are without merit. First, the IJ's decision to admit evidence regarding Zaim–Sassi's first marriage on the day of the hearing did not deny Zaim–Sassi the opportunity to rebut this evidence because the IJ granted an adjournment soon after admitting it. Second, the IJ did not err in admitting this evidence, which indicated that the INS had found that Zaim–Sassi's first marriage was a sham. Despite Zaim–Sassi's claim that the INS document was "riddled with hearsay," records prepared "by public officials in the ordinary course of their duties" bear "strong indicia of reliability." *Felzcerek v. INS*, 75 F.3d 112, 116 (2d Cir.1996). Because this evidence was both probative of Zaim–Sassi's moral character and not fundamentally unfair, its admission did not violate due process. *Id.* at 115. Finally, we reject Zaim–Sassi's contention that the IJ inappropriately deferred to the INS's determination that the first marriage was a sham because it is clear from the IJ's decision that she reviewed the evidence and made an independent determination.

 We lack jurisdiction to consider Zaim–Sassi's additional argument that the BIA erred in affirming the IJ's decision without opinion pursuant to the streamlining regulations at 8 C.F.R. § 1003.1(e)(4). This argument is squarely foreclosed by our recent decision in *Kambolli v. Gonzales*, 449 F.3d 454 (2d Cir.2006) (per cu-

riam), in which we held that "we lack jurisdiction to review decisions by BIA members to affirm IJ decisions without opinion without reference to a three-member BIA panel." *Id.* at 463. The government's motion to dismiss is therefore granted as to this portion of Zaim–Sassi's petition for review.

For the foregoing reasons, the petition for review is DENIED IN PART and the respondent's motion to dismiss is GRANTED IN PART and DENIED IN PART. The previously granted stay of removal is VACATED. Petitioner's motion for leave to file a supplemental brief is hereby DENIED as moot.