**LIXIA CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–2223–ag.

United States Court of Appeals, Second Circuit.

March 14, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

Scott E. Bratton, Cleveland, OH, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Barry J. Pettinato, Assistant Director; Tim Ramnitz, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Lixia Chen, a native of the People's Republic of China, seeks review of an April 26, 2007 order of the BIA affirming the September 15, 2005 decision of Immigration Judge ("IJ") Robert D. Weisel denying petitioner's applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. *In re Lixia Chen,* No. A73 163 692 (B.I.A. Apr. 26, 2007), *aff'g* No. A73 163 692 (Immig. Ct. N.Y. City Sept. 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004) *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406

(2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

As an initial matter, while Chen did not properly raise asylum, withholding of removal or CAT before the BIA, *see* 8 U.S.C. § 1252(d)(1), her failure to exhaust is excused because the BIA's decision specifically addressed Chen's asylum claim, the denial of which served as the basis for the denial of her withholding of removal and CAT claims. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–297 (2d Cir.2006); *Waldron v. INS,* 17 F.3d 511, 515 n. 7 (2d Cir.1994).

However, Chen did not argue before the agency that she had a well-founded fear of persecution based on the forcible insertion of an IUD; thus, Chen failed to exhaust this argument and we need not consider it. *Steevenez v. Gonzales,* 476 F.3d 114, 117–118 (2d Cir.2007).

The record supports the agency's finding that Chen failed to establish a well-founded fear of persecution because her claim was "entirely speculative." *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). The agency properly determined that Chen's testimony regarding the experience of Chen's mother, who was forcibly sterilized after having four children, was not probative of Chen's fear of persecution based on having one U.S.-born child. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (providing that an objective fear of persecution is "dependent upon the context and believability [the applicant] can establish for h[er] claims through presentation of reliable, specific, objective supporting evidence").

Because claims for withholding of removal and CAT require objective evidence of future persecution, *see INS v. Cardoza–Fonseca,* 480 U.S. 421, 430, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987), the agency's finding that Chen had failed to prove the objective reasonableness of her fear necessarily precluded success on her applications for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Finally, we dismiss Chen's challenge to the agency's denial of cancellation of removal. Chen argues that she is not challenging the discretionary determination of whether the hardship standard has been met, but rather is challenging "the Agency's failure to articulate and properly apply the legal standard for cancellation of removal." However, it is clear from Chen's arguments that she is challenging the agency's discretionary balancing of the facts. *See Barco–Sandoval v. Gonzales,* 496 F.3d 132, 135 n. 3, 139 (2d Cir.2007) (amended January 25, 2008)[2] ("[D]espite the nomenclature used by Barco–Sandoval, his assertion that he should have obtained cancellation of removal under the applicable legal standard constitutes a 'mere[ ] quarrel[ ] over the factual findings or justification for the discretionary choices' made by the agency, a quarrel that we lack jurisdiction to review."). Chen argues that the agency did not consider country conditions or the fact that she will be forced to pay tuition to send her daughter to school in China in denying her application and that she did establish the requisite hardship. These arguments are all factual quarrels with the agency's discretionary decision and the Court does not have jurisdiction to review such arguments. *Barco–Sandoval,* 496 F.3d at 139; *De La Vega v. Gonzales,* 436 F.3d 141, 144 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED, in part and DISMISSED, in part. As we have completed our review, the pending motion for a stay

---

**2.** The case, as amended, does not yet appear in the Federal Reporter.

of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).