Chrismiati Tjokrosudarmo
NAMARUBESSY,
Petitioner,

v.

Michael B. MUKASEY, Attorney General of the United States of America,[1] Respondent.

No. 07–2260–ag.

United States Court of Appeals, Second Circuit.

March 25, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Stanley H. Wallenstein for Alan Michael Strauss, New York, NY, for Petitioner.

Jamie M. Dowd, Office of Immigration Litigation, for Michelle G. Latour, Assistant Director, and Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, U.S. Department of Justice, Washington, DC, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, and Hon. JANET C. HALL,[2] District Judge.

## SUMMARY ORDER

Petitioner Chrismiati Tjokrosudarmo Namarubessy ("Ms. Namarubessy"), a native and citizen of Indonesia, seeks review of a final order of the Board of Immigration Appeals ("BIA") dismissing her appeal from the decision of Immigration Judge ("IJ") Robert D. Weisel, which granted her voluntary departure on or before February 14, 2006, and in the alternative, ordered her removed. *In re Chrismiati Tjokrosudarmo Namarubessy*, No. A73 558 405 (B.I.A. Apr. 30, 2007), *aff'g* No. A73 558 405 (Immig. Ct. N.Y. City Dec. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Ms. Namarubessy conceded removability and applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1). The BIA agreed with the IJ's finding that Ms. Namarubessy was ineligible for cancellation because she failed to show that her removal would result in "exceptional and

2. The Honorable Janet C. Hall, of the United States District Court for the District of Con-   necticut, sitting by designation.

extremely unusual hardship" to her United States citizen children, as required under 8 U.S.C. § 1229b(b)(1)(D).

In general, we lack jurisdiction to review the agency's denial of an application for cancellation of removal. *See Barco–Sandoval v. Gonzales,* 496 F.3d 132, 136 (2d Cir.2007). We retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see Noble v. Keisler,* 505 F.3d 73, 77 (2d Cir.2007). However, we must examine a petition for review to assess whether it actually raises legal or constitutional questions, or simply takes issue with the agency's discretionary choices. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006). Ms. Namarubessy urges us to reconsider our recent decisions holding that the BIA's "exceptional and extremely unusual hardship" determinations are discretionary judgments over which we lack jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(B)(i). *See Barco–Sandoval,* 496 F.3d at 136; *De La Vega v. Gonzales,* 436 F.3d 141, 144 (2d Cir.2006). We decline to do so.

■ Ms. Namarubessy contends that her petition raises questions of law. She first argues that the IJ's factual findings "unambiguously mischaracterize central elements of the record," thereby raising reviewable questions of law. She claims, for example, that the IJ erred by not finding that the United Nations Commission on Human Rights' 2005 report entitled "Rights of the Child" established that conditions for children had worsened in Jakarta, the city in which she and her children would reside upon her removal. Ms. Namarubessy also contends that the IJ was irrational to conclude that her son's experience of living in Indonesia between the ages of two and four undercut her fear for the safety of her now twelve-year-old daughter, and to find that her children would not be identified as American unless she "flaunt[ed] their birth certificates."

These and Ms. Namarubessy's other arguments fail to raise a question of law and contest only "the correctness of [the] IJ's fact-finding" underlying the determination that her children would not face exceptional and extremely unusual hardship in Indonesia. *Xiao Ji Chen,* 471 F.3d at 329; *see also Gui Yin Liu v. INS,* 508 F.3d 716, 722 (2d Cir.2007) (concluding "that the IJ did not unambiguous[ly] mischaracteriz[e] the record" so as to raise a question of law) (internal quotation marks omitted) (alteration in original). Accordingly, we lack jurisdiction to review Ms. Namarubessy's challenge to the BIA's discretionary denial of her application for cancellation of removal.

■ In support of her appeal, Ms. Namarubessy asked the BIA to consider evidence that her husband died after the IJ's denial of her application for cancellation. The BIA correctly found that it lacked the authority to do so. BIA regulations expressly provide that "[e]xcept for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals." 8 C.F.R. § 1003.1(d)(3)(iv).

■ Finally, Ms. Namarubessy claims that the BIA engaged in impermissible fact-finding when it found, as a secondary matter, that "even if [it] were to consider [Ms. Namarubessy's] filing as a motion to reopen, [it][did] not find that this new evidence would have altered [its] decision." We need not reach this issue in light of our conclusion that the BIA was not required to consider this new evidence. However, we note that the BIA's determination that such a motion to reopen would not have been granted was not impermissible fact-finding. It instead reflected a determination that the petitioner "offered only her unsupported assertion that [her husband's]

death is material to [the] issue" of whether her children would suffer extreme and unusual hardship so as to support reopening, *see* 8 C.F.R. § 1003.2(c)(1), and that it would not grant her application even if proceedings were reopened for consideration of this evidence. Moreover, any hardship determination that the BIA hypothetically would have reached in reopened proceedings would have been a discretionary one, which we would lack jurisdiction to review.

Accordingly, the petition for review is DISMISSED.