436 F.3d 141
 Gustavo A. DE LA VEGA, Petitioner,
v.
Alberto R. GONZALES,* Attorney General of the United States, Edward McElroy, New York District Director, Immigration and Naturalization Service, Respondents.
 Docket No. 03-40164.
 United States Court of Appeals, Second Circuit.
 Argued: September 14, 2005.
 Decided: January 27, 2006.
 
 Mario DeMarco, Law Office of Mario DeMarco, P.C., Port Chester, NY, for Petitioner.
 J. Alvin Stout, III, Assistant United States Attorney (Virginia A. Gibson, Michael L. Levy, Assistant United States Attorneys, of counsel; Patrick L. Meehan, United States Attorney for the Eastern District of Pennsylvania, on the brief), United States Attorney's Office for the Eastern District of Pennsylvania, Philadelphia, PA, for Respondents.
 Before: MESKILL and CABRANES, Circuit Judges, and NEVAS, District Judge.**
 JOSÉ A. CABRANES, Circuit Judge.
 
 
 1
 We write to address whether this Court has jurisdiction to review a denial by the Board of Immigration Appeals ("BIA") of a petitioner's request for cancellation of removal on the basis of its finding that the petitioner failed to demonstrate that his removal would cause "exceptional and extremely unusual hardship" to a qualifying U.S. citizen relative. Because we hold that such denials are discretionary judgments committed by law to the BIA (acting on behalf of the Attorney General) and that we are precluded from reviewing such discretionary judgments in the cancellation of removal context by 8 U.S.C. § 1252(a)(2)(B)(i), we dismiss the petition for review for lack of jurisdiction.
 
 
 2
 We further hold that, in the circumstances presented, Section 106 of the REAL ID Act of 2005, Pub.L. 109-13, 119 Stat. 231 ("REAL ID Act"), does not override the jurisdiction-denying provisions of 8 U.S.C. § 1252(a)(2)(B)(i) because petitioner challenges a purely discretionary determination of the BIA and does not raise any "constitutional claims or questions of law."
 
 BACKGROUND
 
 3
 Gustavo A. De La Vega, a native and citizen of Guatemala, petitions for review of a June 4, 2003 decision of the BIA vacating an August 29, 2000 order of an Immigration Judge ("IJ") granting petitioner's request for cancellation of removal.
 
 
 4
 Petitioner entered the United States on or about March 30, 1986 and resided in this country for over a decade before being served in May 1998 with a Notice to Appear charging him with "removability." Petitioner admitted the truth of the factual allegations—that he was an alien present in the United States without being admitted or paroled—and conceded his removability, but sought the discretionary relief of cancellation of removal. Petitioner was statutorily eligible to apply for cancellation of removal due to his uncontested status as a nonpermanent resident with ten years or more of continuous physical presence in the United States. His wife, a native and citizen of Mexico, could not satisfy the ten-year physical presence requirement and therefore departed the United States voluntarily in 1998, returning to Mexico along with petitioner's U.S. citizen daughter, who was then four years old.
 
 
 5
 The Attorney General is accorded discretion to cancel the removal of a nonpermanent resident if that alien can demonstrate (1) that he has been "physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of [his] application"; (2) that he has been "a person of good moral character during such period"; (3) that he has not been convicted of any of the disqualifying crimes specified in 8 U.S.C. § 1229b(b)(1)(C); and (4) "that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1).[1]
 
 
 6
 After finding that petitioner clearly satisfied the first two requirements of § 1229b(b)(1), the IJ noted that "[t]here is no case law telling us what extreme and unusual hardship is . . . . under the new cancellation of removal provisions." The IJ then identified two "hardship factors" in petitioner's case. First, the IJ highlighted "the issue of [petitioner's] U.S. citizen daughter's health," noting that her medical conditions, which included allergies and sinusitis, had worsened in Mexico and that petitioner could better afford to finance her treatments through medical insurance were she to return to the United States to live with petitioner. Second, the IJ noted that "there are three nationalities involved here," rendering it more difficult either for petitioner to rejoin his family in Mexico or for his wife and child to join him in Guatemala. Based on these considerations, the IJ concluded that petitioner had "met all the qualifications for cancellation of removal as a nonpermanent resident" and that "all the discretionary aspects in this case indicate that he merits the favorable exercise of discretion."
 
 
 7
 The Immigration and Naturalization Service ("INS") appealed the IJ's decision to the BIA on the basis that petitioner had not demonstrated that "exceptional and extremely unusual hardship" would befall his U.S. citizen daughter in the event of petitioner's removal to Guatemala. The BIA, upon review of the record and the IJ's findings, concluded that petitioner "failed to establish that his removal to Guatemala would result in exceptional and extremely unusual hardship to the child" because petitioner's "removal would not significantly alter the child's current circumstances," and because petitioner's child would not suffer "hardship that is substantially beyond that which would ordinarily be expected to result from [an] alien's deportation," despite the child's medical condition and ongoing separation from her father. Accordingly, the BIA vacated the IJ's order and denied petitioner's request for cancellation of removal.
 
 
 8
 Petitioner now seeks review of the BIA's decision and largely reiterates the same "hardship factors" on which the IJ relied in his August 29, 2000 decision. See Pet'r's Br. at 10-11. Based on these factors, petitioner asserts that he "clearly merits the favorable exercise of the Attorney General['s] discretion," id. at 7, and that the BIA "abused its discretion by . . . going against the Immigration Judge's decision," id. at 4.
 
 DISCUSSION
 
 9
 The threshold issue in this case—and one of first impression in this Circuit—is whether we have jurisdiction to review the BIA's denial of cancellation of removal when that denial was based on the BIA's rejection of petitioner's claim of "exceptional and extremely unusual hardship." Because we conclude that the BIA's denial of cancellation of removal on that basis is a discretionary judgment, we hold that 8 U.S.C. § 1252(a)(2)(B)(i)[2] deprives us of jurisdiction to review petitioner's claim.
 
 
 10
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (the "IIRIRA") excepted certain immigration determinations from judicial review. Specifically, under the heading of "Denials of discretionary relief," Section 306(a)(2) of the IIRIRA provided that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b [relating to cancellation of removal]." 8 U.S.C. § 1252(a)(2)(B)(i).
 
 
 11
 We have stated, in another case concerning cancellation of removal, that "8 U.S.C. § 1252(a)(2)(B) does not strip courts of jurisdiction to review nondiscretionary decisions regarding an alien's eligibility for the relief specified in 8 U.S.C. § 1252(a)(2)(B)(i)." Sepulveda v. Gonzales, 407 F.3d 59, 62-63 (2d Cir.2005) (holding that we have jurisdiction to review the BIA's legal, nondiscretionary determination that a petitioner lacks good moral character because he had spent more than 180 days in jail during the previous ten years) (emphasis added); cf. Mariuta v. Gonzales, 411 F.3d 361 (2d Cir.2005) (holding that we lack jurisdiction, under the "transitional rules" of the IIRIRA, to review the BIA's discretionary denial of a request for adjustment of status).
 
 
 12
 Although the principle was strongly implied by our holding in Sepulveda, we now hold explicitly that the BIA's discretionary determinations concerning whether to grant cancellation of removal constitute "judgment[s] regarding the granting of relief under section . . . 1229b" within the meaning of 8 U.S.C. § 1252(a)(2)(B)(i) and therefore the review of such determinations falls outside our jurisdiction. In so holding, we join five sister circuits that have concluded that 8 U.S.C. § 1252(a)(2)(B)(i) deprives courts of the power to review discretionary determinations concerning cancellation of removal. See Ekasinta v. Gonzales, 415 F.3d 1188, 1191 (10th Cir.2005) (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars judicial review of discretionary decisions concerning cancellation of removal); Rueda v. Ashcroft, 380 F.3d 831, 831 (5th Cir.2004) (same); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir.2003) (same); Iddir v. INS, 301 F.3d 492, 497 (7th Cir.2002) (same); Montero-Martinez v. Ashcroft, 277 F.3d 1137, 1140-42 (9th Cir.2002) (same).
 
 
 13
 We next turn to whether the BIA's judgment that an alien has failed to demonstrate that his removal will cause a qualifying U.S. citizen relative to suffer "exceptional and extremely unusual hardship" is discretionary. Those circuits that have confronted this question have concluded unanimously that such hardship determinations are discretionary judgments and therefore, pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), may not be reviewed. See Mendez-Moranchel, 338 F.3d at 179 ("The determination of whether the alien has established the requisite hardship [under 8 U.S.C. § 1229b(b)(1)(D)] is a quintessential discretionary judgment."); Rueda, 380 F.3d at 831 ("The IJ's determination under § 1229b(b)(1)(D) that [petitioner]'s children would not suffer an `exceptional and extremely unusual hardship' if [petitioner] were deported to Mexico involved the exercise of discretion."); Romero-Torres v. Ashcroft, 327 F.3d 887, 891 (9th Cir.2003) ("Because the BIA, acting for the Attorney General, is vested with the discretion to determine whether an alien has demonstrated the requisite hardship, we are without jurisdiction to review the BIA's hardship determinations under IIRIRA."); Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1333 (11th Cir.2003) ("[T]he exceptional and extremely unusual hardship determination is a discretionary decision not subject to review.").
 
 
 14
 The conclusion that "exceptional and extremely unusual hardship" determinations are discretionary judgments is further supported by cases construing the scope of appellate jurisdiction to review BIA denials of "suspension of deportation"—the predecessor to "cancellation of removal"—under the prior, "extreme hardship" statutory formulation. See 8 U.S.C. § 1254(a)(1) (repealed 1996); see, e.g., Ramirez-Alejandre v. Ashcroft, 276 F.3d 517, 518 (9th Cir.2002) (finding no appellate jurisdiction to review discretionary denials of suspension of deportation under the "extreme hardship" standard); Najjar v. Ashcroft, 257 F.3d 1262, 1297-98 (11th Cir. 2001) (same); Rodriguez v. Ashcroft, 253 F.3d 797, 799 (5th Cir.2001) (same).
 
 
 15
 In Kalkouli v. Ashcroft, 282 F.3d 202, 204 (2d Cir.2002), we explicitly rejected a petitioner's contention that "unlike the unreviewable, discretionary decision whether to grant suspension of deportation, the preliminary determination regarding extreme hardship is of a fact-based, evidentiary nature and is therefore reviewable." We concluded instead that the language of the INA "clearly entrust[ed] the decision [concerning extreme hardship] to the Attorney General's discretion" and that "the determination as to whether an alien is eligible for suspension of deportation by reason of extreme hardship is a discretionary decision . . . and therefore may not be appealed to this Court." Id.
 
 
 16
 Following the enactment of the IIRIRA,[3] the precise wording of the hardship provision of the INA has changed to reflect the new verbal formula of "cancellation of removal." Nevertheless, our reasoning in Kalkouli applies with equal force to the current statute, which provides that "[t]he Attorney General may cancel removal. . . if the alien [satisfies the other requirements of 8 U.S.C. § 1229b(b)(1)]." 8 U.S.C. § 1229b(b)(1) (emphasis added); see Romero-Torres, 327 F.3d at 891 (concluding that the deletion of the phrase "in the opinion of the Attorney General" from the previous version of the statute "does not change the essential, discretionary nature of the hardship decision").
 
 
 17
 Accordingly, we join our sister circuits in holding that: (1) "exceptional and extremely unusual hardship" determinations by the BIA are discretionary judgments and (2) we therefore lack jurisdiction to review such judgments, in accordance with 8 U.S.C. § 1252(a)(2)(B)(i).
 
 
 18
 Petitioner draws our attention to Section 106 of the REAL ID Act of 2005, Pub.L. 109-13, 119 Stat. 231 ("REAL ID Act"), which recently amended Section 242 of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1252, to provide that "[n]othing in . . . any . . . provision of this Act (other than this section)[,] which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." REAL ID Act § 106(a)(1)(A)(iii) (emphasis added). Section 106 applies to all appeals from removal orders "issued before, on, or after the date of the enactment [May 11, 2005]." Id. § 106(b). See Marquez-Almanzar v. INS, 418 F.3d 210, 215 (2d Cir.2005) (recognizing that the REAL ID Act applies to petitions for review of removal orders).
 
 
 19
 In Xiao Ji Chen v. USDOJ, 434 F.3d 144 (2d Cir. Jan. 6, 2006), 2006 App. LEXIS 261—which concerned the jurisdictional bar imposed for untimely asylum applications, see 8 U.S.C. § 1158(a)(3)—we determined, upon review of our case law and the legislative history of Section 106 of the REAL ID Act, that challenges to the exercise of routine discretion by the Attorney General (or the BIA as his designee) do not raise "constitutional claims or questions of law," and may not therefore be reviewed by this Court, notwithstanding Section 106 of the REAL ID Act. Id. at *19-*20; see also Grass v. Gonzales, 418 F.3d 876, 879 (8th Cir.2005) ("[Section 106] grants no jurisdiction to review an IJ's purely discretionary decision to deny a continuance of a removal hearing, unless that ruling resulted in such procedural unfairness as to implicate due process."); Vasile v. Gonzales, 417 F.3d 766, 768 (7th Cir.2005) ("Notwithstanding § 106(a) of the [REAL ID] Act, . . . discretionary or factual determinations continue to fall outside the jurisdiction of the court of appeals entertaining a petition for review."); Gattem v. Gonzales, 412 F.3d 758, 767 & n. 8 (7th Cir.2005) (holding that, under Section 106, the Courts of Appeals have jurisdiction to consider "question[s] of law" raised in petitions for review, but not discretionary decisions of the Attorney General).
 
 
 20
 Applying the principle articulated in Xiao Chen—that Section 106 of the REAL ID Act does not override statutory provisions denying the courts jurisdiction to review discretionary decisions of the Attorney General—to the context of cancellation of removal, we hold that we lack jurisdiction to review the BIA's discretionary judgment that petitioner failed to show "exceptional or extremely unusual hardship" justifying cancellation of removal. Moreover, because petitioner does not raise any colorable "constitutional claims or questions of law," Section 106 of the REAL ID Act does not provide us with jurisdiction here.
 
 CONCLUSION
 In sum, we hold that
 
 21
 (1) we lack jurisdiction under 8 U.S.C. § 1252(a)(2)(B) to review the BIA's denial of petitioner's request for cancellation of removal on the basis of its discretionary judgment that petitioner has failed to demonstrate that his removal would cause "exceptional and extremely unusual hardship" to a qualifying U.S. citizen relative; and
 
 
 22
 (2) Section 106 of the REAL ID Act does not override the jurisdiction-denying provision of 8 U.S.C. § 1252(a)(2)(B) in this context because petitioner does not seek review of any "constitutional claims or questions of law."
 
 
 23
 * * * * * *
 
 
 24
 For the reasons stated above, we DISMISS the petition for review.
 
 
 
 Notes:
 * U.S. Attorney General Alberto R. Gonzales is substituted as Respondent. See Fed. R.App. P. 43(c)(2).
 
 
 **
 The Honorable Alan H. Nevas, United States District Judge for the District of Connecticut, sitting by designation
 
 
 [1]
 8 U.S.C. § 1229b(b)(1) provides, in full, that [t]he Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien—
 (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
 (B) has been a person of good moral character during such period;
 (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title; and
 (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.
 
 
 [2]
 8 U.S.C. § 1252(a)(2)(B) provides, in relevant part, that
 [n]otwithstanding any other provisions of law, no court shall have jurisdiction to review—
 (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title.
 
 
 [3]
 Section 244(a)(1) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1254(a)(1) (repealed 1996), specified, in relevant part, that
 [t]he Attorney General may, in his discretion, suspend deportation and adjust the status . . . in the case of an alien . . . who applies to the Attorney General for suspension of deportation and—
 [1]. . . is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.