Federico MARRON and Florencia
Marron, Petitioners,

v.

Alberto GONZALES, Attorney General
of the United States of America,
Respondent.

No. 05–3470–ag.

United States Court of Appeals,
Second Circuit.

Aug. 14, 2006.

Alan Michael Strauss, (Stanley H. Wallenstein, on the brief); New York, NY, for Petitioner.

Margaret M. Kolbe, (Varuni Nelson, on the brief), Assistant United States Attorneys (for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York); Brooklyn, New York, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioners Federico and Florencia Marron, natives and citizens of Mexico, petition for review of an order of the Board of Immigration Appeals ("BIA"), affirming without an opinion a decision of an Immigration Judge (Kenneth Josephson, *IJ*) denying cancellation of removal relief pursuant to 8 U.S.C. § 1229b(b)1. When the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). Familiarity with the record below and issues on appeal is presumed.

"The Attorney General is accorded discretion to cancel the removal of a nonpermanent resident if that alien can demonstrate (1) that he has been 'physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of [his] application'; (2) that he has been 'a person of good moral character during such period'; (3) that he has not been convicted of any of the disqualifying crimes specified in 8 U.S.C. § 1229b(b)(1)(C); and (4) 'that removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.' " *De La Vega v. Gonzales*, 436 F.3d 141, 142–143 (2d Cir. 2006) (quoting 8 U.S.C. § 1229b(b)(1)). The IJ found that the petitioners met their burden to establish physical presence and good moral character but denied the application finding they had not met the standard for the final element of cancellation of removal—they failed to demonstrate "exceptional and extremely unusual hardship" to their three citizen children.

In deciding whether this Circuit has "jurisdiction to review the BIA's denial of cancellation of removal when that denial was based on the BIA's rejection of petitioner's claim of 'exceptional and extremely unusual hardship,' " we have held that "the BIA's denial of cancellation of removal on that basis is a discretionary judg-

ment[; therefore,] 8 U.S.C. § 1252(a)(2)(B)(i) deprives us of jurisdiction to review petitioner's claim." *Id.* at 143–144. Furthermore, we have stated that "(1) 'exceptional and extremely unusual hardship' determinations by the BIA are discretionary judgments and (2) we therefore lack jurisdiction to review such judgments in accordance with 8 U.S.C. § 1252(a)(2)(B)(i)." [1] *Id.* at 145–146.

Thus, we lack jurisdiction to review the IJ's discretionary determination regarding "exceptional and extremely unusual hardship" and his decision to deny cancellation of removal. *See Id.* at 144–146; 8 U.S.C. 1252(a)(2)(B)(i). In addition, "because petitioner does not raise any colorable 'constitutional claims or questions of law,' Section 106 of the REAL ID Act does not provide us with jurisdiction here." *De La Vega*, 436 F.3d at 146; *see* 8 U.S.C. § 1252(a)(2)(D).

We have considered petitioner's remaining contentions and find them to be without merit. The petition for review is therefore DISMISSED.

---

1. 8 U.S.C. § 1252(a)(2)(B) provides the following:

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
(I) any judgment regarding the granting of relief under section 1182(h), 1182(I), 1229b, 1229c, or 1255 of this title.