Alkeshkumar Gopleshkumar
**SHAH, Petitioner,**

v.

Alberto R. **GONZALES,**\* Attorney General of the United States & U.S. Department of Homeland Security, Respondents.

No. 04–4515–ag.

United States Court of Appeals,
Second Circuit.

Dec. 14, 2006.

Mark T. Kenmore, Buffalo, NY, for Petitioner.

Thomas E. Leggans, Assistant United States Attorney (Randy J. Massey, United States Attorney for the Southern District of Illinois, on the brief), Benton, IL, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE and Hon. CHESTER J. STRAUB, Circuit Judges, Hon. JOHN G. KOELTL,[1] Judge.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

1. The Honorable John G. Koeltl, United States District Judge for the Southern District of New York, sitting by designation.

**32**

## SUMMARY ORDER

Petitioner Alkeshkumar Gopleshkumar Shah, a native and citizen of India, seeks review of an August 3, 2004 order of the BIA affirming the January 22, 2004 decision of Immigration Judge ("IJ") Michael Rocco denying Shah's application for cancellation of removal pursuant to Immigration and Nationality Act § 240A(a), 8 U.S.C. § 1229b(a). *In re Shah, Alkeshkumar Gopleshkumar,* No. A41–961–469 (B.I.A. August 3, 2004), *aff'g* No. A41–961–469 (Immig.Ct.Buffalo, N.Y., Nov. 4, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

"Where, as here, the BIA adopts the IJ's findings and reasoning, we review the decision of the IJ as if it were that of the BIA." *Rodriguez v. Gonzales,* 451 F.3d 60, 62 (2d Cir.2006) (per curiam). The issue to be reviewed, then, is the IJ's denial of Shah's application for cancellation of removal under 8 U.S.C. § 1229b(a). Under § 1252(a)(2)(B)(i), however, no court has jurisdiction to review "any judgment regarding the granting of relief under section ... 1229(b) of this title." As we have held, "the BIA's discretionary determinations concerning whether to grant cancellation of removal constitute 'judgment[s] regarding the granting of relief under section ... 1229(b)' within the meaning of 8 U.S.C. § 1252(a)(2)(B)(i) and therefore the review of such determinations falls outside our jurisdiction." *De La Vega v. Gonzales,* 436 F.3d 141, 144 (2d Cir.2006).

This case falls squarely within the rule announced in *De La Vega.* The IJ first determined that Shah is "subject to deportation as one who has been convicted of what are known as multiple crime[s] involving moral turpitude." Shah does not contest this determination. The IJ then found that Shah was eligible for cancellation of removal pursuant to § 1229b(a). Noting both factors favorable to the grant of cancellation as well as factors weighing against the grant, the IJ found that Shah "failed to demonstrate that he merits a favorable exercise of discretion." Under § 1252(a)(2)(B)(i) and *De La Vega,* we lack jurisdiction to review this denial of § 1229b discretionary relief.

For the foregoing reasons, the petition for review is DISMISSED for lack of jurisdiction. The pending motion for a stay of deportation is DENIED as MOOT.