**Fatoumata KEITA, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Board of Immigration Appeals, Respondents.**

No. 06–5326–ag.

United States Court of Appeals, Second Circuit.

Nov. 7, 2007.

Brian Kaplan (Barry R. Goldberg, on the brief), Goldberg & Kaplan, LLP, New York, NY, for Petitioner.

Hillel Smith, Office of Immigration Litigation,(David M. McConnell, Deputy Director, Civil Division, and Lisa M. Arnold, Senior Litigation Counsel, Office of Immigration Litigation, Department of Justice on the brief) Washington, D.C., for Respondents.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Fatoumata Keita, a native and citizen of Mali, seeks review of an order of the Board of Immigration Appeals ("BIA"), affirming a decision of Immigration Judge ("IJ") Sandy K. Hom that denied her application for cancellation of removal under section 240A(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1). *See In re Fatoumata Keita,* No. A 98 415 444 (B.I.A. Oct. 19, 2006), *aff'g* No. A 98 415 444 (Immig. Ct. N.Y. City Apr. 19, 2005). We assume the parties' familiarity with the facts, the issues on appeal, and the procedural history.

We lack jurisdiction to review the discretionary and factual determinations underlying the denial of an application for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *De La Vega v. Gonzales,* 436 F.3d 141, 144 (2d Cir.2006). We do, however, have jurisdiction to review "challenges to the exercise of routine dis-

cretion" that "raise 'constitutional claims or questions of law.'" *De La Vega*, 436 F.3d at 146; *see also* 8 U.S.C. § 1252(a)(2)(D).

Keita contends that the BIA denied her a full and fair opportunity to present her application for cancellation of removal by refusing to (1) consider the new evidence she sought to offer on appeal or (2) construe her *pro se* brief to the BIA as a motion to remand based on newly acquired evidence. We conclude that, although Keita frames her petition for review as a due process challenge to the BIA's determination, her claim essentially amounts to a disagreement with the manner in which the IJ and BIA exercised their discretion. We therefore dismiss her petition. *Cf. Barco–Sandoval v. Gonzales*, 496 F.3d 132, 136 (2d Cir.2007) (noting that we lack "jurisdiction to review decisions under the INA when the petition for review essentially disputes ... the wisdom of [an agency's] exercise of discretion and raises neither a constitutional claim nor a question of law") (internal quotation marks omitted).

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, Keita's pending motion for a stay of removal is DISMISSED as moot.