Rodrigo ALDANA–TORRES, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 07–2263–ag.

United States Court of Appeals, Second Circuit.

March 13, 2008.

George W. Katz, Williston, VT, for Petitioner.

Margaret Kuehne Taylor, (Peter D. Keisler, Assistant Attorney General, Civil Division, Ernesto H. Molina, Assistant Director, on the brief), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

Present: Hon. JOSEPH M. McLAUGHLIN, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. BRIAN M. COGAN, District Judge.[2]

## SUMMARY ORDER

Petitioner Rodrigo Aldana–Torres appeals from the May 9, 2007 decision of the Board of Immigration Appeals ("BIA") affirming the October 13, 2005 decision of Immigration Judge ("IJ") Michael W. Straus denying Petitioner's application for discretionary cancellation of removal under 8 U.S.C. § 1229b(b)(1)[3] and granting Petitioner's application for voluntary departure. We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

Petitioner contends that, in holding that he had not demonstrated "exceptional and extremely unusual hardship" to a qualifying relative, the BIA erred in its consideration of evidence presented regarding the medical condition of his step-son. *See id.* § 1229b(b)(1)(D). Under 8 U.S.C. § 1252(a)(2), this Court lacks jurisdiction to review discretionary judgments in the cancellation of removal context, but possesses jurisdiction to review "constitutional claims or questions of law." We have said that the latter category of reviewable questions includes threshold eligibility is-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as respondent in this case.

2. The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

3. Section 1229b(b)(1) provides that the Attorney General "may cancel removal of, and adjust the status of … an alien who is inad-

missible or deportable from the United States" if the alien: (A) has been continuously physically present in the United States for at least ten years; (B) has been a person of good moral character; (C) has not been convicted of certain criminal offenses; and (D) "establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1).

sues, such as whether the petitioner has met the continuous presence requirement or whether a relative qualifies as a "child." *See Sepulveda v. Gonzales,* 407 F.3d 59, 63 (2d Cir.2005) (citing *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1141 (9th Cir. 2002)). In contrast, we have consistently held that "hardship determinations are discretionary judgments and … may not be reviewed." *De La Vega v. Gonzales,* 436 F.3d 141, 144 (2d Cir.2006). Petitioner argues that the BIA's failure to consider medical evidence or identify any standards for that consideration amounts to a denial of Due Process and Equal Protection. Yet, his complaints are "merely quarrels over the … justification for the discretionary choice[ ]," and judicial review may not be secured by cloaking a discretionary choice in constitutional terms. *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329–30 (2d Cir.2006).

Accordingly, for the reasons set forth above, the petition is DISMISSED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.