**Jose ORELLANA–GUTIERREZ,**
**Petitioner,**

v.

**Michael B. MUKASEY, United States**
**Attorney General,[1] Respondent.**

**No. 07–1351–ag.**

United States Court of Appeals,
Second Circuit.

April 3, 2008.

Jose Orellana–Gutierrez, Pro se, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Michelle Gordon LaTour, Assistant Director; Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Hon. BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Jose Orellana–Gutierrez, a native and citizen of Ecuador, seeks review of an

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

March 8, 2007 order of the BIA, affirming the October 18, 2005 decision of Immigration Judge ("IJ") Alan Vomacka, which denied his application for cancellation of removal. *In re Jose Orellana–Gutierrez,* No. A29 967 817 (B.I.A. Mar. 8, 2007), *aff'g* No. A29 967 817 (Immig. Ct. N.Y. City Oct. 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, contrary to the government's assertion, Orellana–Gutierrez timely petitions this Court for review of the agency's denial of his application for cancellation of removal and not from the BIA's denial of his motion to reconsider. Even if this Court were to liberally construe Orellana–Gutierrez's *pro se* brief, filed in support of his April 2007 petition for review, as a petition for review of the BIA's July 2007 denial of his motion to reconsider, such a petition would have been untimely. *See* 8 U.S.C. § 1252(b)(1) (providing that a petition for review "must be filed not later than 30 days after the date of the final order of removal"); *see also Khouzam v. Ashcroft,* 361 F.3d 161, 167 (2d Cir.2004) (declining to consider the BIA's denial of petitioner's motion to reconsider where petitioner had timely petitioned the Court for review of the underlying decision but not from the denial of his motion).

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi*

*Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, this Court lacks jurisdiction to review the factual determinations underlying a decision regarding cancellation of removal under 8 U.S.C. § 1229b. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Barco–Sandoval v. Gonzales,* 516 F.3d 35, 38–39 (2d Cir.2008) (citing *De La Vega v. Gonzales,* 436 F.3d 141, 144–46 (2d Cir.2006)). Nonetheless, this Court retains jurisdiction to review constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D). Questions of law and the application of law to undisputed fact are reviewed *de novo. See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

Here, Orellana–Gutierrez argues that the agency erred by: (1) determining that his U.S. citizen daughter would not suffer "exceptional and extremely unusual hardship;" and (2) failing to consider his U.S. citizen stepdaughter and his son as qualifying relatives and declining to make a hardship determination with regard to them. This Court lacks jurisdiction to review Orellana–Gutierrez's first argument because it merely challenges the agency's discretionary hardship determination with regard to Orellana–Gutierrez's U.S. citizen daughter and clearly does not raise a constitutional question or question of law. *See De La Vega,* 436 F.3d at 145–46.

Orellana–Gutierrez's second argument appears to raise a question of law, namely whether the agency erred in determining that his U.S. citizen stepdaughter and non-U.S. citizen, non-lawful permanent resident son were not qualifying relatives for purposes of 8 U.S.C. § 1229a(b)(5)(D). *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 330–32 (2d Cir.2006). However, Orellana–Gutierrez did not assert before the IJ or the BIA that either his stepdaughter or his son were qualifying relatives for purposes of his application for

cancellation of removal. In his application for cancellation of removal, Orellana–Gutierrez stated only that his removal would cause hardship to his "U.S. citizen child or children," and the only U.S. citizen child he listed was his daughter. Likewise, on appeal to the BIA, Orellana–Gutierrez challenged only the IJ's hardship determination with regard to his U.S. citizen daughter and did not mention his stepdaughter or son. Thus, as Orellana–Gutierrez did not assert that his stepdaughter or son were qualifying relatives for purposes of 8 U.S.C. § 1229a(b)(5)(D), the IJ and BIA did not consider the issue. As such, Orellana–Gutierrez's purported challenge to the agency's finding regarding this issue does not present a colorable question of law, and this Court lacks jurisdiction to review his claim.

For the foregoing reasons, the petition for review is DENIED. The pending motion for remand is DENIED because the Court can not consider new evidence that was not presented to the agency. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).