**Jitendra PATEL, Petitioner,**

v.

**Michael B. MUKASEY,* U.S. Attorney General, Bureau of Citizenship and Immigration Services, Respondents.**

No. 07–2804–ag.

United States Court of Appeals, Second Circuit.

April 11, 2008.

Gopal T. Kukreja, New York, N.Y., for Petitioner.

Tim Ramnitz (Jeffrey S. Bucholtz, Shelley R. Goad, on the brief), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI, Circuit Judges, and Hon. ALAN H. NEVAS, District Judge.**

## SUMMARY ORDER

Petitioner Jitendra Patel is a native and citizen of India who was charged with removability for being present in the United States without having been admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). On May 31, 2007, the BIA, affirming the decision of the IJ, denied Patel cancellation of removal due to Patel's failure to demonstrate exceptional and extremely unusual hardship to his U.S. citizen children, *see* 8 U.S.C. § 1229b(b)(1)(D). *In re Jitendra Patel,* No. A96 437 244 (B.I.A. May 31, 2007), *aff'g* No. A96 437 244 (Immig. Ct. N.Y. City Nov. 15, 2005). Patel now petitions this Court for review of the BIA's final decision. The government contends that we do not have jurisdiction to review this discretionary determination. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

Under 8 U.S.C. § 1252(a)(2)(B)(i), this Court lacks jurisdiction to review "any judgment regarding the granting of relief under … [8 U.S.C. § 1229b]." We have held that "exceptional and extremely unusual" hardship determinations by the BIA are discretionary judgements. *Barco–Sandoval v. Gonzales,* 516 F.3d 35, 39 (2d Cir.2008) (rehabilitating *De La Vega v. Gonzales,* 436 F.3d 141 (2d Cir.2006)). We nonetheless maintain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). For example, an argument "that a discretionary decision was based on a legally erroneous standard raises a question of law" over which we would have jurisdiction. *Barco–Sandoval,* 516 F.3d at 40 (internal quotation marks omitted). Patel, however, in challenging the BIA's determination, has failed to raise a non-frivolous constitutional claim or question of law. We therefore lack jurisdiction to consider his petition.

The petition is DISMISSED.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey has been substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

** The Honorable Alan H. Nevas, of the United States District Court for the District of Connecticut, sitting by designation.