Jose Manuel SOTO, Petitioner,

v.

Eric H. HOLDER, Jr., United States At-torney General, Andrea J. Quarantillo, New York District Director, U.S. Citi-zenship Immigration Services, U.S. Citizenship & Immigration Services,* Respondents.

No. 08–5288–ag.

United States Court of Appeals, Second Circuit.

Aug. 24, 2009.

Mario DeMarco, Law Offices of Mario DeMarco, P.C., Port Chester, NY, for Pe-titioner.

Jason Wisecup (Lori B. Warlick, Leslie McKay, Michael F. Hertz, on the brief), U.S. Department of Justice, Washington, DC, for Respondent.

Present: ROSEMARY S. POOLER, PETER W. HALL and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner, Jose Manuel Soto, petitions for review of the September 30, 2008, deci-

---

District Director Andrea J. Quarantillo is au-tomatically substituted for former District Di-rector Mary Ann Gantner, as respondents in this case.

sion of the Board of Immigration Appeals ("BIA") denying his application for cancellation of removal under Section 240A(a), 8 U.S.C. § 1229b(a), of the INA. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We lack jurisdiction under INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i), over Soto's petition for review of the BIA's denial of his application for cancellation of removal, because the BIA denied the application solely as a matter of discretion based on his repeated criminal activity, including several arrests and convictions, and because Soto fails to raise either a colorable constitutional claim or question of law since any errors made by the immigration judge were corrected by the BIA, which exercised its authority to review his request of cancellation de novo under 8 C.F.R. § 1003.1(d)(3)(ii). *See De La Vega v. Gonzales*, 436 F.3d 141, 146 (2d Cir.2006) (holding "that Section 106 of the REAL ID Act does not override statutory provisions denying the courts jurisdiction to review discretionary decisions of the Attorney General [in] the context of cancellation of removal"); *Barco–Sandoval v. Gonzales*, 516 F.3d 35, 39–41 (2d Cir. 2008) (affirming *De La Vega*).

Accordingly, the petition for review is **DISMISSED.**