08-5197-ag (L); 08-5206-ag (Con)
Ba v. Holder

BIA
Chew, IJ
A098 975 322
A098 975 321

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26ᵗʰ day of January, two thousand ten.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
>> *Circuit Judges*.

_____

DIANY BA AND MOUSSA KANTE,
> *Petitioners*,

> v.

08-5197-ag (L);
08-5206-ag (Con)
NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,[1]
> *Respondent*.

_____

FOR PETITIONER:     Theodore Vialet, New York, New York.

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), United States Attorney General Eric H. Holder, Jr., is substituted for former Attorney General Michael B. Mukasey as Respondent in this case.

**FOR RESPONDENT:** Tony West, Assistant Attorney General, Mark C. Walters, Senior Litigation Counsel, Zoe J. Heller, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED in part and DISMISSED in part.

Petitioner Diany Ba, a native and citizen of France and Mali, and Petitioner Moussa Kante, a native and citizen of Mali, seek review of the September 24, 2008 orders of the BIA affirming the February 1, 2007 decision of Immigration Judge ("IJ") George T. Chew, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and Kante's application for cancellation of removal under 8 U.S.C. § 1229b. *In re Diany Ba*, No. A098 975 322 (B.I.A. Sept. 24, 2008), *In re Moussa Kante,* No. A098 975 321 (B.I.A. Sept. 24, 2008), *aff'g* No. A098 975 321, A098 975 322 (Immig. Ct. N.Y. City Feb. 1, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the

2

decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

I.   Diany Ba, Docket No. 08-5197-ag

Substantial evidence supports the agency's conclusion that Ba failed to establish that she has a well founded fear of persecution in Mali or France based on her inter-caste marriage. In support of that finding, the agency reasonably relied on the lack of sufficient corroborating evidence regarding the caste system in Mali. *Diallo v. INS*, 232 F.3d 279, 284 (2d Cir. 2000). Furthermore, the agency did not err in declining to give weight to the Wikipedia article describing the caste system in Africa. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (citing *Asociacion de Compositores y Editores de Musica Latino Americana v. Copyright Royalty Tribunal,* 854 F.2d 10, 13 (2d Cir.1988)). Because Ba was unable to meet her burden to establish her eligibility for asylum, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

3

II.  Moussa Kante, Docket No. 08-5206-ag

   A.   Asylum, Withholding of Removal, and CAT Relief[2]

   Substantial evidence supports the agency's conclusion that "country conditions in Mali are such that the respondent's life or freedom would not be threatened upon return."  In support of that finding, the agency reasonably relied on the 2005 U.S. Department of State Report on Human Rights Practices in Mali.  *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006).  In addition, the IJ reasonably noted that Kante has not lived in Mali since 1994 and failed to submit any evidence to show that he continues to be politically involved with the Union Democratique du Peuple Malien political party since his arrival in the United States.  *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104 (2d Cir. 2005).  Accordingly, the agency did not err when it concluded that Kante failed to establish his eligibility for withholding of removal.

---

[2]In his appeal to the BIA, Kante failed to challenge the IJ's pretermission of his application for asylum or argue his well-founded fear of persecution based on his inter-caste marriage.  Thus, we decline to consider these issues because Kante failed to exhaust them before the agency.  *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 124 (2d Cir.2007).

4

B.   Cancellation of Removal

Lastly, Kante's argument that the IJ failed to acknowledge evidence relevant to hardship does not present a constitutional claim or question of law because the IJ, in fact, noted country conditions in Mali and the health conditions of Kante's United States citizen children.  *De La Vega v. Gonzales*, 436 F.3d 141, 144 (2d Cir. 2006).  Thus, we lack jurisdiction to review the agency's denial of Kante's application for cancellation of removal based on its discretionary determination that he failed to demonstrate "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D).  *See* 8 U.S.C. § 1252(a)(2)(B)(i).

For the foregoing reasons, Ba's petition for review is DENIED, and Kante's petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motions for a stay of removal in these petitions are DISMISSED as moot. Any pending requests for oral argument in these petitions are DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk