Mewengkang v. Holder

BIA
Reichenberg, IJ
A096 266 185

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of January, two thousand ten.

**PRESENT:**

> **JOHN M. WALKER, JR.,**
> **BARRINGTON D. PARKER,**
> **PETER W. HALL,**
> > *Circuit Judges.*

───────────────────────────────────────

**AGUNG PUTRA MEWENGKANG,**
> *Petitioner,*

> v.

**ERIC H. HOLDER JR., U.S. ATTORNEY GENERAL,**[1]
> *Respondent.*

───────────────────────────────────────

08-6236-ag

NAC

───────────────────────────────────────

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), United States Attorney General Eric H. Holder Jr. is substituted for former Attorney General Michael B. Mukasey as Respondent in this case.

**FOR PETITIONER:**	Benjamin B. Xue, New York, New York.

**FOR RESPONDENT:**	Tony West, Assistant Attorney General, Anthony P. Nicastro, Senior Litigation Counsel, Andrew N. O'Malley, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Agung Putra Mewengkang, a native and citizen of Indonesia, seeks review of the December 4, 2008 order of the BIA affirming the July 31, 2007 decision of Immigration Judge ("IJ") Margaret R. Reichenberg, denying his applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal under 8 U.S.C. § 1229b. *In re Agung Putra Mewengkang*, No. A096 266 185 (B.I.A. Dec. 4, 2008), *aff'g* No. A096 266 185 (Immig. Ct. N.Y. City July 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

I.  Asylum, Withholding of Removal, and CAT Relief

As a preliminary matter, because Mewengkang did not

2

challenge the IJ's pretermission of his asylum application before either the BIA or this Court, he has abandoned that claim. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007)(noting that "because Liu failed to argue before either this Court or the BIA his claims for relief based on the illegal nature of his departure from China, we consider that basis for relief abandoned"). Similarly, Mewengkang's mere reference to CAT protection in his brief does not suffice as a challenge to the agency's denial of that relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (issues not raised before this court are waived and will not ordinarily be addressed on appeal).

When the BIA agrees with the IJ that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both decisions—or, more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519

F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008). Because Mewengkang's application was filed prior to May 11, 2005, it is not subject to the amendments made to the INA by the REAL ID Act, 8 U.S.C. § 1158(b)(1)(B)(iii).

The agency's adverse credibility finding is supported by substantial evidence. As the IJ found, Mewengkang gave inconsistent testimony concerning the date he was allegedly attacked and beaten by a mob in Indonesia. Indeed, while his asylum application stated that the incident occurred in 1994, he testified that it occurred in 1990. Mewengkang argues that he provided sufficient explanation for this inconsistency, i.e., that he was nervous at the hearing and that this error was simply a minor mistake. We disagree. Because this attack was the only major incident of persecution Mewengkang alleged, this was a substantial discrepancy. *See Secaida-Rosales*, 331 F.3d at 308-09 (discrepancy must be substantial). In particular, as the IJ noted, had the incident occurred in 1994, it would have been after Mewengkang had returned to Indonesia after residing in the United States for approximately two years, making it

4

even more suspicious that Mewengkang could not recall the chronology of events. *Cf. Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000)(holding that a minor discrepancy may not support an adverse credibility determination). Finally, contrary to Mewengkang's arguments, the IJ did not err by relying on his failure to submit corroborating evidence in making an adverse credibility determination. Although we have stated that an IJ may not deny relief for failure to produce corroborating documents unless the IJ follows certain procedures to ensure sufficient notice to the petitioner of gaps in the record, these requirements only apply where the petitioner is "otherwise credible." *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006). Here, this was clearly not the case.

Accordingly, because the agency's adverse credibility determination was supported by substantial evidence, it properly denied Mewengkang's claim for withholding of removal. *See Corovic*, 519 F.3d at 95.

II. Cancellation of Removal

As a final matter, because Mewengkang does not allege any constitutional claim or question of law, we lack jurisdiction to review the agency's denial of his

5

application for cancellation of removal based on its discretionary determination that he failed to demonstrate "exceptional and extremely unusual hardship" under 8 U.S.C. § 1229b(b)(1)(D).  *See* 8 U.S.C. § 1252(a)(2)(B)(i) (precluding our jurisdiction to review any judgment granting relief under 8 U.S.C. § 1229b); *De La Vega v. Gonzales*, 436 F.3d 141, 144 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk