09-3020-ag
Benitez v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of June, two thousand ten.

PRESENT:
        AMALYA L. KEARSE,
        PIERRE N. LEVAL,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges*.

_____

Juan Ramon Benitez,

        *Petitioner*,

        v.                                        09-3020-ag

Eric H. Holder Jr., U.S. Attorney General,

        *Respondent*.

_____

FOR PETITIONER:        BRUNO JOSEPH BEMBI, Hempstead, N.Y.

FOR RESPONDENT:        ZOE HELLER (TONY WEST, Assistant Attorney General,
                       MICHAEL P. LINDEMANN, Assistant Director, CHRISTOPHER
                       C. FULLER, Senior Litigation Counsel, *on the brief*), Office of
                       Immigration Litigation, Civil Division, U.S. Department of Justice,
                       Washington, D.C.

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of a Board of Immigration Appeals decision is **DISMISSED**.

Petitioner Juan Ramon Benitez, a native and citizen of El Salvador, seeks review of a final order of removal entered by the BIA on June 16, 2009 denying his application for special rule cancellation of removal pursuant to the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), Pub. L. No. 105-100 Title II, 111 Stat. 2193 (1997), *as amended by* Pub L. No. 105-139, 111 Stat. 2644 (1997) (codified in scattered sections of 8 U.S.C.), and affirming a November 30, 2007 decision of Immigration Judge ("IJ") Barbara A. Nelson. *In re Juan Ramon Benitez*, No. A094 090 943 (B.I.A. June 16, 2009), *aff'g* No. A 94 090 943 (Immig. Ct. N.Y. City Nov. 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Benitez arrived in the United States from El Salvador in 1990 when he was about 20 years old without inspection or admission. While in the United States, between 1997 and 2004, Benitez was arrested six times for unlicensed operation of a motor vehicle or operating a vehicle while impaired or intoxicated. Each time, he pled guilty and was either ordered to pay a fine, serve a short jail sentence, or both. On April 24, 2006, the Department of Homeland Security served Benitez with a Notice to Appear ("NTA") alleging that he entered the United States without inspection. He admitted the charges in the NTA to the IJ, conceded his removability, but sought relief in the form of asylum, withholding of removal, and special rule cancellation of removal under NACARA. On November 30, 2007, the IJ denied his asylum and withholding of removal claims and also determined that while Benitez met the statutory requirements for eligibility for special rule

cancellation of removal, that form of discretionary relief should be denied based on a balancing of the seriousness of his arrests and convictions and the fact that he has no family in the United States against the hardships he will face if removed to El Salvador. The IJ granted Benitez's request for voluntary departure. Benitez appealed to the BIA, challenging only the IJ's denial of special rule cancellation of removal. The BIA dismissed Benitez's appeal and Benitez timely appealed to this Court. For the reasons that follow, we determine that we do not have jurisdiction to entertain this appeal and, accordingly, dismiss his petition for review.

The NACARA, enacted in 1997, amended certain provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") to, among other things, allow "qualified aliens from certain countries placed in [deportation] proceedings before, on, or after April 1, 1997, to apply for 'special rule' protection from deportation." *Tanov v. I.N.S., U.S. Dep't of Justice*, 443 F.3d 195, 199 (2d Cir. 2006) (alteration in original). Specifically, the NACARA amended IIRIRA § 309 by adding a subsection (f) entitled "Special Rule for Cancellation of Removal." NACARA § 203(b), 111 Stat. at 2198, *codified at* 8 U.S.C. § 1101 note. It provides that the "Attorney General may, under section 240A[, 8 U.S.C. § 1229b,] of [the Immigration and Nationality Act], cancel removal of . . . an alien who is inadmissible or deportable from the United States" if the alien meets certain statutory requirements. *Id.* The same section of NACARA specifies that this special rule cancellation of removal is "[s]ubject to the provisions of the Immigration and Nationality Act . . . including section 242(a)(2)(B)[, 8 U.S.C. § 1252(a)(2)(B)]." *Id.* INA § 242(a)(2)(B) in turn provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under . . . section . . . 1229b." 8 U.S.C. § 1252(a)(2)(B)(i).

Notwithstanding this provision, we are not precluded from reviewing constitutional claims

or questions of law raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D); *Sumbundu v. Holder*, 602 F.3d 47, 53 (2d Cir. 2010). Benitez, however, has failed to articulate such a claim. Benitez did not raise before the BIA the contentions regarding the IJ's erroneous findings of fact or misinterpretation of the record that appear in his brief before this Court, choosing instead to present to the BIA an argument that the IJ failed adequately to consider evidence of his alcohol rehabilitation and did not properly balance the seriousness of his violations against the hardship he will face upon removal. Since this Court generally will not consider an argument a petitioner failed to exhaust before the BIA, *Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 120-23 (2d Cir. 2007) (noting that while administrative issue exhaustion is not jurisdictional, it is in the Court's discretion whether to review an issue not presented to the BIA), we need not address Benitez's argument on appeal that the IJ misstated or misinterpreted parts of the record. Because, in asking the BIA to exercise its discretion to grant him special rule relief, Benitez did not challenge any findings of the IJ, we decline to entertain such challenges—even if they could be deemed to rise to the level of issues of law—now that the BIA has made its discretionary decision.

Thus, since NACARA special rule cancellation of removal is granted in the Attorney General's discretion pursuant to section 1229b and there is no issue of an error as to a constitutional claim or question of law, this Court does not have jurisdiction to review the Attorney General's decision regarding that relief. *See De La Vega v. Gonzales*, 436 F.3d 141, 144 (2d Cir. 2006) (holding that "8 U.S.C. § 1252(a)(2)(B)(i) deprives courts of the power to review discretionary determinations concerning cancellation of removal" and dismissing petition for review).[1]

[1] Benitez contends that the jurisdiction-stripping provisions of NACARA do not apply to the circumstances of his case, pointing to NACARA § 203(a)(1), 111 Stat. at 2197-98, which makes unreviewable by any court a determination by the Attorney General whether an alien has

We have considered the rest of Benitez's arguments that are properly before us and find them to be without merit.

For the foregoing reasons, the petition for review is **DISMISSED**. As we have completed our review, the pending motion for a stay of the voluntary departure order is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

satisfied the statutory requirements for special rule cancellation of removal eligibility. He is correct that this jurisdiction-stripping provision does not apply to his case since, here, the IJ determined—and the government does not challenge—that he met the statutory prerequisites for special rule cancellation of removal. Benitez's contention, however, overlooks the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B) which, by explicit command of NACARA, applies to the exercise of the Attorney General's discretion to deny relief in this case.