**Miriam Esther BERNARD, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–2784–ag.

United States Court of Appeals, Second Circuit.

April 29, 2008.

Kevin R. Murphy, Springfield, MA, for Petitioner.

Ari Nazarov, Trial Attorney (Michael P. Lindemann, on the brief), for Peter D. Keisler, Assistant Attorney General, U.S. Department of Justice, Civil Division.

Present: Hon. PIERRE N. LEVAL, Hon. RICHARD C. WESLEY, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Miriam Bernard ("Bernard"), a native and citizen of El Salvador, seeks review of a May 30, 2007 order of the BIA dismissing her appeal from immigration judge ("IJ") Michael W. Straus's denial of her application for cancellation of removal under INA § 240A(b)(1), 8 U.S.C. § 1229b(b). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Bernard argues that: (1) her children will suffer exceptional and extremely unusual hardship if she is removed to El Salvador; (2) the factors that resulted in temporary protected status ("TPS") being extended to Salvadorian citizens should be considered in relation to her cancellation of removal claim; and (3) she can establish the ten-year period of domestic physical presence required for cancellation of removal under INA § 240A(b)(1)(A), 8 U.S.C. § 1229b(b)(1)(A).

As we find no "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), we lack jurisdiction to review the BIA's discretionary determination that Bernard was ineligible for cancellation of removal because she failed to establish exceptional and extremely unusual hardship to a qualifying relative. *See* INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i) ("[N]o court shall have jurisdiction to review … any judgment regarding the granting of relief under section … 1229b [cancellation of removal] of this title."); *Barco–Sandoval v. Gonzales,* 516 F.3d 35, 36 (2d Cir.2008) (where petitioner raises no constitutional claims or questions of law, we lack jurisdiction to review such discretionary determinations as "exceptional and extremely unusual hardship") (reaffirming *De La Vega v. Gonzales,* 436 F.3d 141 (2d Cir. 2006)). Accordingly, we cannot consider Bernard's first argument.

We will not consider Bernard's TPS argument, which she did not make before the BIA. Section 242(d)(1) of the INA provides that "[a] court may review a final order only if—(1) the alien has exhausted all administrative remedies available to the alien as of right[.]" *See* 8 U.S.C. § 1252(d)(1); *Zhong v. U.S. Dep't of Jus-*

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

*tice,* 480 F.3d 104, 107 n. 1, 123 (2d Cir. 2007) (court not obliged to consider an issue not presented to the BIA).

Finally, Bernard's physical presence argument is irrelevant because the BIA's hardship determination was dispositive of Bernard's cancellation claim. *See* 8 U.S.C. § 1229b(b)(1) (applicant for cancellation of removal must establish continuous physical presence, good moral character, and hardship). The BIA never reached the physical presence issue in light of Bernard's failed hardship claim and, as a result, it is not properly before us.

For the foregoing reasons, the petition for review is **DISMISSED.**