10-684-ag
Carranza v. Holder

BIA
Hom, IJ
A094 095 153

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of July, two thousand eleven.

PRESENT:
> GUIDO CALABRESI,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

CORNELIO CARRANZA,

> *Petitioner,*

> v.                                          10-684-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:        Andrew P. Johnson, New York, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Shelley R. Goad, Assistant
                       Director; Jennifer A. Singer, Trial
                       Attorney, Office of Immigration
                       Litigation, Civil Division, U.S.
                       Department of Justice, Washington,
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Cornelio Carranza, a native and citizen of El Salvador, seeks review of a January 29, 2010, decision of the BIA affirming the May 10, 2007, decision of Immigration Judge ("IJ") Sandy Hom, which (1) pretermitted his application for asylum, (2) denied his applications for withholding of removal and relief under the Convention Against Torture ("CAT"), and (3) denied his request for special rule cancellation of removal pursuant to the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA"). *In re Cornelio Carranza*, No. A094 095 153 (B.I.A. Jan. 29, 2010), *aff'g* No. A094 095 153 (Immig. Ct. N.Y. City May 10, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Under the circumstances of this case, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the

2

contrary." 8 U.S.C. § 1252(b)(4)(B). "The substantial evidence standard of review applies, and we uphold the IJ's factual findings if they are supported by reasonable, substantial[,] and probative evidence in the record." *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (internal quotation marks and citations omitted).

**I.   Adverse Credibility Determination**

In finding Carranza not credible, the IJ reasonably relied on inconsistencies in his testimony regarding his killing of a farmer while serving in the Salvadoran military. *See Secaida-Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir. 2003), *superseded by statute on other grounds as recognized in Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). As the IJ found, in contrast to his testimony that he was ordered only to follow the farmer but killed the farmer in self-defense when the farmer attacked him, Carranza's later testimony and his asylum application indicated that he carried out an order to kill the farmer. Carranza does not challenge this finding, and it stands as a valid basis for the IJ's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii).

3

The IJ also reasonably relied on omissions in Carranza's asylum application in denying his claim. Although Carranza explained that he "didn't go into detail" in his application, the IJ was entitled to disregard this explanation, as it would not necessarily be compelling to a reasonable factfinder. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Despite Carranza's claim that the omission was merely "collateral" to his underlying claim for relief, the IJ's reliance on these omissions was reasonable because, as the IJ noted, the facts that the man Carranza killed was allegedly armed and attacked him first were especially salient omissions, in light of Carranza's contention that he killed the man in self-defense. *See Secaida-Rosales*, 331 F.3d at 308-09.

Given the IJ's findings, substantial evidence supports his adverse credibility determination, and the agency properly denied Carranza's applications for withholding of removal and CAT relief because the only evidence that Carranza would be persecuted or tortured depended on his credibility. *See id.; Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Accordingly, we need not reach Carranza's arguments that he established past persecution or a likelihood of future persecution. *See Liang Chen v. U.S.*

4

*Att'y Gen.*, 454 F.3d 103, 106-107 (2d Cir. 2006).

**II.  NACARA Relief**

Under Section 1252(a)(2)(B)(i) of Title 8 of the United States Code, we lack jurisdiction to review the agency's denial of relief under 8 U.S.C. § 1229b, the cancellation-of-removal statute.  *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 38-39 (2d Cir. 2008) (upholding *De La Vega v. Gonzales*, 436 F.3d 141 (2d Cir. 2006)).  Special rule cancellation of removal under NACARA is subject to the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B)(i) as well.  *See* NACARA § 203(a)(1), Pub. L. 105-100, 111 Stat. at 2197-98.  Nonetheless, we retain jurisdiction to review "constitutional claims or questions of law raised upon a petition for review."  8 U.S.C. § 1252(a)(2)(D); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 325 (2d Cir. 2006).

Here, the agency found Carranza ineligible for NACARA relief because he: (1) did not establish the required seven years of continuous physical presence in the United States given his testimony which was both internally inconsistent and inconsistent with testimony offered by his son; (2) failed to establish the requisite "extreme hardship" to

either himself or a qualifying relative; and (3) failed to meet the threshold eligibility requirements under 8 C.F.R. § 1240.61.

Carranza challenges only the IJ's factual findings regarding the dates of his departure and reentry into the United States, and the IJ's failure to afford sufficient weight to evidence establishing the requisite continuous physical presence in the United States. Because these arguments do not present a constitutional claim or question of law, we lack jurisdiction to review them. *See Xiao Ji Chen*, 471 F.3d at 326-29. Accordingly, we dismiss Carranza's petition with regard to his challenge to the agency's denial of NACARA relief.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk