21-6466-ag
*Zavala v. Garland*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-two.

PRESENT:   JOSÉ A. CABRANES,
           ROSEMARY S. POOLER,
           RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

---

GUSTAVO RODRIGUEZ ZAVALA,

                    *Petitioner,*                    21-6466-ag

                    v.

MERRICK GARLAND, UNITED STATES ATTORNEY
GENERAL

                    *Respondent.*

---

FOR PETITIONER:        ERIN O'NEIL-BAKER, O'Neil Baker Law,
                       LLC, Hartford, CT.

FOR RESPONDENT:        BRIAN BOYNTON, Principal Deputy
                       Assistant Attorney General, Civil
                       Division; Jessica E. Burns, Senior
                       Litigation Counsel, Office of Immigration
                       Litigation; Scott M. Marconda, Senior
                       Trial Attorney, U.S. Department of

Justice, Civil Division, Office of
Immigration Litigation, Washington, D.C.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review of a Board of Immigration Appeals ("BIA") order is **DISMISSED**.

Petitioner Gustavo Rodriguez Zavala, a native and citizen of Mexico, seeks review of an August 13, 2021 decision of the BIA affirming a December 20, 2018 decision of an Immigration Judge ("IJ") denying his application for cancellation of removal. The sole basis for denial was that Petitioner failed to demonstrate "exceptional and extremely unusual hardship" to his then-eighteen-year-old United States citizen daughter, Guadalupe. On appeal, Petitioner argues principally that Guadalupe's anemia and depression were so "extreme" that they constitute exceptional and extremely unusual hardships. Pet. Br. at 17.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Where, as here, the BIA has adopted the IJ's reasoning and offered additional commentary, we review the decision of the IJ as supplemented by the BIA." *Yan Juan Chen v. Holder*, 658 F.3d 246, 251 (2d Cir. 2011). It is well-settled that "(1) 'exceptional and extremely unusual hardship' determinations by the BIA are discretionary judgments and (2) we therefore lack jurisdiction to review such judgments." *De La Vega v. Gonzales*, 436 F.3d 141, 145–46 (2d Cir. 2006). Only if the petition presents "colorable constitutional claims" or "questions of law" will we have jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(B), (D). A petitioner cannot "us[e] the rhetoric of a 'constitutional claim' or 'question of law' to disguise what is essentially a quarrel about fact-finding or the exercise of discretion." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 329–30 (2d Cir. 2006); *see also Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39–42 (2d Cir. 2007).

Petitioner asserts that the agency "abused its discretion," committed an "error of law" in fact-finding, made its decision "without rational justification," and "completely overlooked and/or severely mischaracterized" facts. Pet. Br. at 12–14, 20. But Petitioner's legal arguments are conclusory. Petitioner points to no evidence overlooked or seriously mischaracterized. The agency relied on the proper legal framework to assess what constitutes an "exceptional and extremely unusual hardship" and provided ample justification for its decision.

The "precise arguments of the petition" are factual in nature. *Xiao Ji Chen*, 471 F.3d at 330. Petitioner disagrees with the agency's factual findings concerning the severity and manageability of Guadalupe's mental and physical health conditions, as well as her ability to provide for herself financially, in her father's absence. And because Petitioner disagrees with those factual findings and how the agency weighed the hardship evidence presented, he argues that the agency erred in concluding that Guadalupe will not suffer "extreme and unusual hardship." But Petitioner's arguments are fundamentally factual in nature. We therefore lack jurisdiction to consider them.

2

## CONCLUSION

Having reviewed all of the arguments raised by Petitioner on appeal and found them to be without merit, we **DISMISS** the petition for review for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court